**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**DEBORAH J. YALE,**

      **Plaintiff,**

**v.**                                   **Case No. 3:07cv437/MCR/MD**

**STAPLETON CORPORATION,**

      **Defendant.**

_____/

## ORDER

In this products liability action, plaintiff alleges she was injured at her workplace while using a defective ladder manufactured by the defendant. Pending before the court is defendant's motion in limine.

At the time of the accident, plaintiff worked at Bass Pro Shop. Plaintiff seeks to introduce the testimony of the Bass Pro Shop manager, Joseph Bishop, regarding an accident re-creation test he and other employees performed on the ladder following plaintiff's accident.[1] Plaintiff alleges that a critical part of the ladder's design is a wire clip which supports the ladder's top step, and that the clip has a propensity to fail to perform this function either by breaking or coming loose, making the ladder unsafe. In his test, Bishop removed the clip. According to Bishop, without the clip the ladder is less than safe. Defendant objects to both Bishop's description of the test as well as his opinion that the ladder was less safe when the clip was removed. Defendant argues that an opinion as to product defect may be given only by an expert, and Bishop has not been disclosed as

---

[1] Defendant also objects to a portion of Bishop's testimony on the grounds that it constitutes evidence of subsequent remedial measures, which are inadmissible to show negligence or product defect under Fed. R. Evid. 407. At the pretrial conference in this case, plaintiff conceded that this portion of the deposition testimony should be excluded at trial.

such. Plaintiff argues that Bishop should be permitted to testify as to the test of the ladder based on firsthand knowledge through his personal observations. Plaintiff also argues that Bishop's opinion that the ladder was less safe when the wire clip was removed is admissible as well, because it is not based on "scientific, technical or special knowledge required by an expert witness." (Pl.'s Mem. in Op. to Mot. in Limine, doc. 40-1, at 3.)

Bishop's lay testimony as to the test and the safety of the ladder may be admissible, because expert opinion is not the only way to prove defective product; in some cases where the design and operation of a product is sufficiently obvious, "the jury, in its ordinary experience, can draw its own conclusion from the facts" without need for expert opinion. *Edic* ex rel. *Edic v. Century Prods. Co.*, 364 F.3d 1276, 1284 (11th Cir. 2004); *see also Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 415–16 (3d Cir. 1999) and *Faryniarz v. Nike, Inc.*, No. 00 Civ. 2623(NRB), 2002 WL 530997 (S.D.N.Y. 2002). Plaintiff, however, has also disclosed her expert witness, John Ryan, whose testimony will be offered to prove the ladder's unsafe defective design. As a result, the court is concerned that Bishop's testimony may be unnecessarily cumulative; needlessly cumulative evidence may be excluded under Fed. R. Evid. 403. Because the court has not been apprised of Bishop's full testimony regarding the allegedly defective nature of the ladder, the court is unable to decide at this time whether it is cumulative. Accordingly, following jury selection on February 23, 2009, the court will hear plaintiff's proffer of testimony from both witnesses outside the presence of the jury and rule on the admissibility of Bishop's testimony at that time.

**DONE and ORDERED** this 18th day of February, 2009.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:07cv437/MCR/MD